**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **ABBEY LONGWITH, and**<br>**KRISTI GARRETT,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| **v.** | )<br>)<br>)    **Cause No. 1:25-CV-00377**<br>) |
| **NORTON BUSINESS GROUP, INC.**<br>**d/b/a SPORT CLIPS,** | )<br>)<br>) |
| **Defendant.** | )<br>) |

### *COMPLAINT*

Comes now the Plaintiffs, Abbey Longwith ("Longwith") and Kristi Garrett ("Garrett") (collectively "Plaintiffs"), by Counsel, Robert F. Hunt and Robert J. Hunt of The Law Office of Robert J. Hunt, LLC, and for their cause of action against the Defendant, Norton Business Group, Inc. d/b/a Sport Clips ("NBG" or "Defendant"), allege and say:

### PARTIES

1.    Longwith is an individual who resides in Howard County, Indiana. Defendant employed Longwith within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. At all times hereinafter mentioned, Longwith was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §206-207.

2.    Garrett is an individual who resides in Howard County, Indiana. Defendant employed Garrett within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. At all times hereinafter mentioned, Garrett was an individual employee who was engaged in commerce or in the production of goods for commerce

as required by 29 U.S.C. §206-207.

3.    NBG is an Indiana for-profit domestic corporation doing business in Indiana with its principal office location in Hamilton County, Indiana.  NBG is in the business of owning and operating barber shops in Indiana.  NBG acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.  NBG is an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

4.    Longwith and Garrett worked as Stylists for NBG at its Kokomo, Indiana location. Longwith and Garrett regularly worked over forty hours per week without compensation for their overtime hours worked.

## JURISDICTION

5.    This Court has jurisdiction over Defendants because Plaintiffs have asserted claims arising under federal law.  This Court has supplemental jurisdiction over Plaintiffs' Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

6.    Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. §1391, because Defendant may be found in this district and the challenged conduct occurred in this district.

## FLSA COVERAGE

7.    At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).  At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in

commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in, or produced for, commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

8.     At all times hereinafter mentioned, Plaintiffs were employees "engaged in commerce or in the production of goods for commerce."

**FACTUAL ALLEGATIONS**

9.     Plaintiffs performed work as Stylists for Defendant at its Kokomo, Indiana barber shop.

10.     Within the two-year period prior to the filing of this Complaint, Longwith worked for Defendant as an hourly paid employee.

11.     Within the two-year period prior to the filing of this Complaint, Garrett worked for Defendant as an hourly paid employee.

12.     Longwith routinely worked in excess of forty (40) hours in a single workweek but was paid no wages at all for her hours worked in excess of forty (40) hours.

13.     Garrett routinely worked in excess of forty (40) hours in a single workweek but was paid no wages at all for her hours worked in excess of forty (40) hours.

14.     Garrett and Longwith had their time records routinely altered by NBG's management/supervisors in a way that reduced the hours shown to have been worked each week by Garrett and Longwith.  As a result, Garrett and Longwith were denied earned overtime wages under the FLSA and earned regular wages under Indiana law.

15.     Garrett and Longwith both resigned from their employment with NBG in or

3

around July 2024.

## COUNT ONE:  FAILURE TO PAY WAGES IN
## ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

16.    Plaintiffs hereby incorporate by reference paragraphs 1-15 of their Complaint.

17.    During the relevant time period, Defendant has violated and is violating the provisions of 29 U.S.C. §§ 207 by failing to comply with the overtime premium requirements of the FLSA.

18.    Defendant knew, or should have known, that Plaintiffs performed work that required additional wages and overtime compensation be paid.  Nonetheless, Defendant operated under a scheme, as described above, to deprive Plaintiffs of overtime compensation.

19.    Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs.

20.    Defendant has acted willfully in failing to pay Plaintiffs in accordance with the law.

## COUNT TWO:  FAILURE TO PAY WAGES IN
## ACCORDANCE WITH INDIANA CODE §§22-2-5 *et. seq.*

21.    Plaintiffs hereby incorporate by reference paragraphs 1-20 of the Complaint.

22.    During the relevant time period, Defendant has violated and is violating the provisions of Indiana Code §§22-2-5 *et. seq.* by failing to timely pay Plaintiffs' wages.

23.    Defendant's failure to pay Plaintiffs' wages was in bad faith.

## **PRAYER FOR RELIEF**

WHEREFORE, Kristi Garrett and Abbey Longwith, demand judgment against Defendant in their favor and requests that the Court grant the following relief:

a)  An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back overtime wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiffs;

b)  An Order pursuant to Indiana Code §§22-2-5 *et. seq.* finding Defendant liable to Plaintiffs for unpaid back wages, plus statutory liquidated damages;

c)  An Order awarding the costs of this action;

d)  An Order awarding reasonable attorneys' fees;

e)  A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

f)  An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

g)  An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/Robert J. Hunt

5

Robert J. Hunt, (#30686-49)
Robert F. Hunt (#7889-84)
The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Ste 168
Carmel, Indiana 46032
Telephone:     (317) 743-0614
Facsimile:     (317) 743-0615
E-Mail:          rob@indianawagelaw.com
                     rfh@indianawagelaw.com


Attorneys for Plaintiffs