UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DISTRICT

ABBEY LONGWITH, and            )
KRISTI GARRETT,                )
Plaintiffs,                    )
                               )
v.                             )        Case No. 1:25-CV-00377
                               )
NORTON BUSINESS GROUP, INC.    )
d/b/a SPORT CLIPS,             )
Defendant.                     )

## ANSWER

Defendant, Norton Business Group, Inc. d/b/a Sport Clips ("NBG"), by counsel, provides the following as its Answer to Plaintiffs, Abbey Longwith and Kristi Garrett's ("Plaintiffs") Complaint.

## PARTIES

1.      Longwith is an individual who resides in Howard County, Indiana. Defendant employed Longwith within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. At all times hereinafter mentioned, Longwith was an individual employee who was engaged in commerce or in the production or goods for commerce as required by 29 U.S.C. §206-207.

**ANSWER: Defendant is without sufficient information to admit or deny the residence of Plaintiff Longwith.  Defendant specifically admits that Plaintiff Garrett was employed with the Defendant at some point between February 26, 2022 and the date of the filing of the Complaint on February 26, 2025.  Defendant admits the remaining allegations contained in Paragraph 1 to the extent the remaining allegations are not inconsistent with the specific admission.  Any allegations inconsistent with the specific admission are hereby denied.**

1

4932-0662-1004, v. 1

2.      Garrett is an individual who resides in Howard County, Indiana. Defendant employed Garrett within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. At all times hereinafter mentioned, Garrett was an individual employee who was engaged in commerce or in the production or goods for commerce as required by 29 U.S.C. §206-207.

**ANSWER: Defendant is without sufficient information to admit or deny the residence of Plaintiff Garrett.  Defendant specifically admits that Plaintiff Garrett was employed with the Defendant at some point between February 26, 2022 and the date of the filing of the Complaint on February 26, 2025. Defendant admits the remaining allegations contained in Paragraph 1 to the extent the remaining allegations are not inconsistent with the specific admission.  Any allegations inconsistent with the specific admission are hereby denied.**

3.      NBG is an Indiana for-profit domestic corporation doing business in Indiana with its principal office location in Hamilton County, Indiana. NBG is in the business of owning and operating barber shops in Indiana. NBG acted, directly or indirectly, in the interests of an employer with respect to Plaintiffs. NBG is an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

**ANSWER: Admitted.**

4.      Longwith and Garrett worked at Stylist for NBG at its Kokomo, Indiana location. Longwith and Garrett regularly worked over forty hours per week without compensation for their overtime hours worked.

**ANSWER:  Defendant admits that Plaintiffs Longwith and Garrett worked for Defendant at its Kokomo, Indiana location.  Defendant denies that Plaintiffs Longwith and Garrett regularly worked over forty hours per week without compensation for their**

2

**overtime.  To the extent there are any remaining allegations contained in Paragraph 4, Defendant hereby denies the same.**

## JURISDICTION

5.      This Court has jurisdiction over Defendants because Plaintiffs have asserted claims arising under federal law. This Court has supplemental jurisdiction over Plaintiffs' Indiana state law claims pursuant to 28 U.S.C. §1367.

**ANSWER: Admitted.**

## VENUE

6.      Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. §1391, because Defendant may be found in this district and the challenged conduct occurred in this district.

**ANSWER: Admitted.**

## FLSA COVERAGE

7.      At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r). At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce of in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in, or produced for, commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

**ANSWER: Defendant specifically admits that it is has employees that handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, commerce**

3

4932-0662-1004, v. 1

**by any person and that Defendant has an annual gross volume of sales of not less than $500,000.00.   Defendant denies any remaining allegations or inferences contained in Paragraph 7 that are inconsistent with the specific admissions.**

8.    At all times hereinafter mentioned, Plaintiffs were employees "engaged in commerce or in the production of goods for commerce."

**ANSWER: Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 8 because the source and context of the quoted material is unclear and therefore Defendant denies the same.**

## FACTUAL ALLEGATIONS

9.    Plaintiffs performed work as Stylists for Defendant as its Kokomo, Indiana barber shop.

**ANSWER: Admitted.**

10.    Within the two-year period prior to the filing of this Complaint, Longwith worked for Defendant as an hourly paid employee.

**ANSWER:  Defendant admits that Plaintiff Longwith worked for the Defendant as an hourly paid employee, as it relates to the two-year period, from February 26, 2023 until she quit on or about July 24, 2024.  Defendant denies all remaining allegations contained in Paragraph 10 that are inconsistent with the specific admission.**

11.    Within the two-year period prior to the filing of this Complaint, Garrett worked for Defendant as an hourly paid employee.

**ANSWER: Defendant admits that Plaintiff Garrett worked for the Defendant as an hourly paid employee from April 12, 2023 until she quit on or about July 24, 2024.  Defendant**

4

**denies all remaining allegations contained in Paragraph 11 that are inconsistent with the specific admission.**

12.    Longwith routinely worked in excess of forty (40) hours in a single workweek but was paid no wages at all for her hours worked in excess of forty (40) hours.

**ANSWER: Denied.**

13.    Garrett routinely worked in excess of forty (40) hours in a single workweek but was paid no wages at all for her hours worked in excess of forty (40) hours.

**ANSWER: Denied.**

14.    Garrett and Longwith had their time records routinely altered by NBG's management/supervisors in a way that reduced the hours shown to have been worked each week by Garrett and Longwith. As a result, Garrett and Longwith were denied earned overtime wages under the FLSA and earned regular wages under Indiana Law.

**ANSWER: Denied.**

15.    Garrett and Longwith both resigned from their employment with NBG in our around July 2024.

**ANSWER: Defendant admits that Plaintiffs Garrett and Longwith walked off the job in the middle of their shift on or about July 24, 2024, and never came back to work. Defendant denies all remaining allegations contained in Paragraph 15.**

### COUNT ONE: FAILURE TO PAY WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

16.    Plaintiffs hereby incorporate by reference paragraphs 1-15 of their Complaint.

**ANSWER: Defendant incorporates by reference its responses to Paragraphs 1-15 as if fully set forth herein.**

5

4932-0662-1004, v. 1

17.    During the relevant time period, Defendant has violated and its violating the provisions of 29 U.S.C. §§ 207 by failing to comply with the overtime premium requirements of the FLSA.

**ANSWER: Denied.**

18.    Defendant knew, or should have known, that Plaintiffs performed work that required additional wages and overtime compensation be paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive Plaintiffs of overtime compensation.

**ANSWER: Denied.**

19.    Defendant knowingly, willingly, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs.

**ANSWER: Denied.**

20.    Defendant has acted willfully in failing to pay Plaintiffs in accordance with the law.

**ANSWER: Denied.**

### COUNT TWO: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-5 *et. seq*

21.    Plaintiffs hereby incorporate by reference paragraphs 1-20 of the Complaint.

**ANSWER: Defendant incorporates by reference its responses to Paragraphs 1-20 as if fully set forth herein.**

22.    During the relevant time period, Defendant has violated and is violating the provisions of Indian Code §§22-2-5 *et. seq.* by failing to timely pay Plaintiffs' wages.

**ANSWER: Denied.**

23.    Defendant's failure to pay Plaintiffs' wages was in bad faith.

**ANSWER: Denied.**

6

WHEREFORE, Defendant, Norton Business Group, Inc. d/b/a Sport Clips requests that Plaintiffs Abbey Longwith and Kristi Garrett take nothing by way of their Complaint and for all other appropriate relief.

Date: June 13, 2025

Respectfully submitted,

*/s/Kelsey A. Harper*
Kelsey A. Harper, #37535-49
GUTWEIN LAW
300 N Meridian Street, Suite 1650
Indianapolis, IN 46204
P. 317.777.7920
F. 765.423.7900
kelsey.harper@gutweinlaw.com

**ATTORNEY FOR DEFENDANT
NORTON BUSINESS GROUP, INC.
D/B/A SPORT CLIPS**

**AFFIRMATIVE DEFENSES**

Defendant, Norton Business Group, Inc. d/b/a Sport Clips ("NBG"), by counsel, provides the following as its Affirmative Defenses to Plaintiffs, Abbey Longwith and Kristi Garrett's ("Plaintiffs") Complaint.

1.      Plaintiffs have failed to state a claim upon which relief can be granted as against the Defendant.

2.      Plaintiffs' claims for damages may be barred or limited by the doctrine of waiver, laches, estoppel, and/or unclean hands.

3.      Plaintiff's claims are frivolous, groundless, and/or baseless, and Defendant is entitled to its costs and expenses for defending the claims.

4.      Defendant contends that Plaintiffs must prove it acted without good faith under the Indiana Wage Payment Statute, but to the extent the burden is reversed, Defendant acted in good faith at all times with respect to Plaintiffs' alleged overtime calculations.

7

4932-0662-1004, v. 1

5.      Plaintiffs failed in whole or in part to mitigate their alleged damages.

6.      To the extent Plaintiffs suffered any harm, Defendant was not the proximate cause of such harm.

7.      Defendant reserves the right to assert other affirmative defenses, including non-party defenses, as they arise during the course of discovery.

Date: June 13, 2025                                    Respectfully submitted,

                                                       */s/Kelsey A. Harper*
                                                       Kelsey A. Harper, #37535-49
                                                       GUTWEIN LAW
                                                       300 N Meridian Street, Suite 1650
                                                       Indianapolis, IN 46204
                                                       P. 317.777.7920
                                                       F. 765.423.7900
                                                       kelsey.harper@gutweinlaw.com

                                                       **ATTORNEY FOR DEFENDANT**
                                                       **NORTON BUSINESS GROUP, INC.**
                                                       **D/B/A SPORT CLIPS**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2025 a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System:

          Robert J. Hunt
          rob@indianawagelaw.com

          Robert F. Hunt
          rfh@indianawagelaw.com

                                                       */s/Kelsey A. Harper*

8

4932-0662-1004, v. 1